PEOPLE v. TRAHOS.

1. CRIMINAL LAW—CHARACTER WITNESSES—REASONABLE DOUBT—REQUESTED INSTRUCTION.

    Where, in prosecution for receiving stolen goods, no character witnesses were sworn as to defendant's reputation for honesty and integrity, requested instruction that, if testimony of defendant's good character was sufficient to raise reasonable doubt, he should be acquitted, was properly denied.

2. SAME—TESTIMONY AS TO TRUTH AND VERACITY INSUFFICIENT TO
RAISE REASONABLE DOUBT.

Testimony as to defendant's reputation for truth and veracity
went to sustain his credibility, and not to probability of his
guilt or innocence of receiving stolen goods.

Error to Genesee; Parker (James S.), J.  Submitted June 12, 1930.  (Docket No. 112, Calendar No. 34,871.)  Decided October 3, 1930.

James Trahos was convicted of receiving stolen goods.  Affirmed.

*Wilber M. Brucker,* Attorney General, *Charles D. Beagle,* Prosecuting Attorney, and *Philip Elliott* and *Reese W. Stipes,* Assistant Prosecuting Attorneys, for the people.

*C. A. Withey,* for defendant.

McDONALD, J.  The defendant was convicted on a charge of receiving stolen goods knowing that they had been stolen.

The people's testimony shows that he bought a quantity of tobacco which had been stolen by two men who testified they told him they stole it from the warehouse of Lee & Cady at Caro, Michigan.  He admitted receiving the tobacco, but denied knowledge of the theft.

The assignments of error relate to the refusal of the court to submit defendant's requests to charge, particularly one which reads as follows:

"The testimony of the respondent's good character, of his truth and veracity, may be sufficient to raise a reasonable doubt in your minds of his guilt. If it does, you should acquit him."

In view of the fact that no character witnesses were sworn as to the defendant's reputation for hon-

esty and integrity, this request was not pertinent and was properly refused. There was testimony as to his general reputation for truth and veracity but, as that trait of character was not involved in the crime charged, such testimony went to sustain his credibility, and not to the probability of guilt or innocence. It could not be considered as raising a reasonable doubt.

Other assignments of error are not argued in defendant's brief, and therefore we do not discuss them.

The judgment of conviction is affirmed.

WIEST, C. J., and BUTZEL, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.